## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **OSVALDO VILLA on Behalf of Himself and on Behalf of All Others Similarly Situated,** § § § § | | |
| Plaintiff, § | **CIVIL ACTION NO. : 4:24-cv-726** | |
| § | | |
| **v.** § | | |
| § | | |
| **CORTES STEEL ERECTIONS, INC,** § | | |
| Defendant. § | **JURY TRIAL DEMANDED** | |

## PLAINTIFF'S ORIGINAL COMPLAINT, COLLECTIVE ACTION & JURY DEMAND

### I.   SUMMARY

1. Plaintiff Osvaldo Villa and the employees he seeks to represent ("Class Members") are current and former employees paid on an hourly basis by Defendant Cortes Steel Erections, Inc ("Defendant").  Defendant knowingly and deliberately failed to compensate Plaintiff and Class Members for their overtime hours based on the time and half formula under the FLSA.

2. Defendant violated the FLSA by paying Plaintiff and Class Members the same hourly rate for their overtime and non-overtime hours.  In other words, Defendant paid straight time for overtime.

3. Consequently, Defendant's compensation policy violates the FLSA's mandate that non-exempt employees, such as Plaintiff and Class Members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) in a week.

4. Plaintiff seeks to recover, on behalf of himself and the Class Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

5. Plaintiff also prays that the class of similarly situated workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt into this litigation.

## II.     SUBJECT MATTER JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because many of the wrongs alleged herein took place in this District.

8. Defendant is headquartered in this District.

## III.     PARTIES AND PERSONAL JURISDICTION

9. Plaintiff Osvaldo Villa is an individual currently residing in Dallas County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

10. The Class Members are all welders employed by Defendant in the last three years to the present who were paid on an hourly basis.

11. Defendant Cortes Steel Erections, Inc is a domestic corporation and may be served process through its registered agent Lesly Cortes at 2526 Brady Lane, Grand Prairie, Texas 75052 or wherever she may be found.

## IV.     COVERAGE

12. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

13. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

14. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

15. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

16. At all material times, Plaintiff and FLSA Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## V.   FACTS

17. Defendant Cortes Steel Erections, Inc is a construction company.

18. Plaintiff worked for Defendant from Defendant's fabrication facility in Krum, Texas.

19. Defendant employed Plaintiff as a welder.

20. Plaintiff worked for Defendant from approximately October of 2023 until April of 2024.

21. Defendant paid Plaintiff on an hourly rate basis.

22. Plaintiff's hourly rate was $25 per hour.

23. Plaintiff routinely worked over forty hours per week for Defendant.

24. Plaintiff typically worked 50 to 65 hours per week.

25. However, when Plaintiff worked overtime, he did not receive additional compensation for his overtime hours.

26. Instead of receiving additional compensation for his overtime hours, Defendant paid Plaintiff the same hourly rate as his non-overtime hours.

27. Defendant employs other welders that it pays on the same straight time for overtime system it pays Plaintiff.

28. Defendant did not pay Plaintiff on a salary basis.

29. Plaintiff did not supervise two or more full time employees.

30. Plaintiff did not have authority to hire and fire.

31. Welders do not have the authority to hire and fire.

32. Welders do not supervise two or more employees.

33. Plaintiff was not performing work requiring advanced knowledge, defined as work which is predominately intellectual in character.

34. Plaintiff's primary duty was the performance of manual work.

35. All welders' primary duty was the performance of manual work.

36. Defendant cannot satisfy its burden to show that any exemption applies.

37. Moreover, the following conduct further demonstrates that Defendant acted as an employer with respect to Plaintiff and the FLSA Class Members:

   a. Defendant required Plaintiff and the FLSA Class Members to turn in the hours they worked once a week;

   b. Defendant paid Plaintiff and the FLSA Class Members on a non-negotiable hourly rate it unilaterally set;

   c. Defendant required Plaintiff and the FLSA Class Members to report to their assigned job site at a set time;

d.  Plaintiff and the FLSA Class Members had no control over what job site they may be assigned to;

e.  Defendant required Plaintiff and the FLSA Class Members to request time off in advance and have that time off preapproved;

f.  Defendant issued work orders to Plaintiff and the FLSA Class Members;

g.  Defendant provided safety training to Plaintiff and the FLSA Class Members instructing them precisely how to perform their work;

h.  Defendant inspected Plaintiff and the FLSA Class Members' work;

i.  Defendant assigned Plaintiff and the FLSA Class Members so many work hours per week (often more than 50) that, as a practical matter, they were prevented from working for any other company;

j.  Defendant controlled the amount of hours Plaintiff and the FLSA Class Members worked;

k.  Defendant dictated the locations at which Plaintiff and the FLSA Class Members worked;

l.  Defendant required Plaintiff and the FLSA Class Members to work more than forty (40) hours per workweek, and typically FLSA Class Members worked more than seventy (50) hours per workweek;

m.  Plaintiff and the FLSA Class Members' services were integrated into Defendant's operations;

n.  Plaintiff and the FLSA Class Members were required to perform their work in an order set by Defendant;

o.  Plaintiff and the FLSA Class Members worked for Defendant for long and

5

   indefinite periods of time, often years, as is common with employees;

 p. Defendant had rules that Plaintiff and the FLSA Class Members were required to follow when performing their jobs;

 q. Defendant required Plaintiff and the FLSA Class Members to attend company meetings; and

 r. Defendant maintained the right to discharge Plaintiff and the FLSA Class Members at will.

## VI. CAUSE OF ACTION

VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME
(COLLECTIVE ACTION)

38. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

39. This count arises from Defendant's violation of the FLSA for its failure to pay Plaintiff and Class Members overtime compensation based on the FLSA's time-and-a-half formula.

40. For each hour worked in excess of forty (40) each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rate of pay. 29 U.S.C. § 207.

41. By failing to pay overtime based on that formula, Defendant violated and continues to violate the FLSA.

42. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant, Plaintiff, or Class Members.

43. Defendant paid the Plaintiff the same hourly rate for his overtime and non-overtime hours.

44. Defendant did not have a good faith belief that its pay policy did not violate the FLSA.

45. Defendant's failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA.  As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

## VII.  COLLECTIVE ACTION ALLEGATIONS

46. As part of its regular business practices, Defendant has engaged in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

47. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all welders who were or are employed by Defendant and paid on an hourly basis within the three (3) years preceding the filing of this complaint to the present.

48. Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

49. Plaintiff has actual knowledge, through conversations with his co-workers, that a class of similarly situated Class Members exists who have been subjected to Defendant's policy of not paying the overtime rate for all hours worked over forty.  Plaintiff's knowledge stems from his employment tenure with Defendant.

50. Class Members are similarly situated to Plaintiff in that they all performed similar duties, were paid on an hourly basis, and were denied complete overtime pay.

51. Defendant's failure to pay overtime at the rates required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual Class Members.

52. The experience of Plaintiff, with respect to his employment classification and pay, is typical of other workers across Defendant's business.

53. The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment.

54. Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

55. Defendant has time sheets for the hours worked by Class Members and Plaintiff.

56. Class Members are not exempt from receiving overtime pay under the FLSA.

57. Like Plaintiff, all Class Members, irrespective of their particular job requirements, are entitled to receive overtime compensation for hours worked in excess of forty during a workweek.

58. The names and addresses of the Class Members are available from Defendant's records.  To the extent required by law, notice will be provided to these individuals by first class mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

59. Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

60. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

61. As such, the class of similarly situated employees is properly defined as follows:

**All of Defendant's current and former welders paid on an hourly basis during the three years before the date of the filing of this Complaint to the present.**

## VIII. WAGE DAMAGES SOUGHT

62. Plaintiff and Class Members are entitled to recover their unpaid overtime premiums for the three years preceding the filing of this complaint to the present. 29 U.S.C. § 216(b).

63. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages. 29 U.S.C. § 216(b).

64. Plaintiff is also entitled to recover his attorney's fees and costs, as required by the FLSA. 29 U.S.C. § 216(b).

## IX. JURY DEMAND

65. Pursuant to his rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## X. PRAYER FOR RELIEF

66. For these reasons, Plaintiff, on behalf of himself and on behalf of the Class Members, respectfully request that judgment be entered awarding the following relief in the favor of Plaintiff and the Class Members:

   a. Overtime compensation for all hour worked in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

   b. An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

    c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

    d. Such other and further relief to which Plaintiff and Class Members may be entitled, both at law or in equity.

Respectfully submitted,

By: */s/ Beatriz Sosa-Morris*
Beatriz-Sosa Morris
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
4151 Southwest Freeway, Suite 515
Houston, Texas 77027
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS